# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMERICAN GUARANTY AND LIABILITY INSURANCE COMPANY, ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) CROSBY TRUCKING SERVICE, INC., ) ) Defendant/Counter-Plaintiff, ) ) ****************************************** ) ) CROSBY TRUCKING SERVICE, INC., ) ) Third-Party Plaintiff, ) ) v. ) ) ECHO GLOBAL LOGISTICS, INC., ) BENTELER AUTOMOTIVE ) CORPORATION, and BENTELER GOSHEN, ) INC., ) ) Third-Party Defendants. ) | Case No. 3:13-CV-00147 Judge Aleta A. Trauger |

## MEMORANDUM

Defendant and counter-plaintiff Crosby Trucking Service, Inc. ("Crosby Trucking"), has filed a Motion to Transfer for *Forum Non-Conveniens* (Docket No. 29), to which the plaintiff and counter-defendant, American Guaranty and Liability Insurance Company ("American"), has filed a Response in opposition (Docket No. 35), and Crosby Trucking filed a Reply (Docket No. 40). Crosby Trucking has also filed a Motion for Leave to File a Third Party Claim Against Martinrea Industries, Inc. ("Martinrea"), to which American filed a Response in opposition

1

(Docket No. 53) and a Motion for Oral Argument (Docket No. 62), to which Crosby Trucking filed a Response in opposition (Docket No. 66). For the reasons stated herein, the court will deny Crosby Trucking's Motion to File a Third-Party Complaint Against Martinrea, the court grant Crosby Trucking's Motion to Transfer Venue, the court will deny American's Motion for Oral Argument, and the court will transfer the case to the United States District Court for the Northern District of Indiana.

## BACKGROUND

The basic facts of this case are relatively simple. Martinrea, a Michigan corporation with a principal place of business in Springfield, Tennessee, is in the business of developing and producing metal parts for use in various industries. Martinrea operates a facility in Springfield, Tennessee. In 2011, Martinrea contacted Echo Global Logistics, Inc. ("Echo"), a Delaware corporation with a principal place of business in Illinois, to arrange for transportation of an A-Pillar Die Machine (the "Die") from a facility in Goshen, Indiana, to a facility in Lenoir City, Tennessee, operated by Dienamic Tooling Systems ("DTS"). Apparently, the original plan was for DTS to perform some type of modification to the Die, after which the Die would be transported to Martinrea's facility in Springfield, Tennessee.

Echo, acting as a broker, contracted with Crosby Trucking to transport the Die from Indiana to Tennessee. On or about September 20, 2011, Benteler Automotive, acting as the consignor, loaded the Die, which was then in good condition, onto a Crosby Trucking truck at the Goshen, Indiana facility. On or about September 21, 2011, while transporting the die, the Crosby Trucking vehicle had a traffic accident in or near Marion, Indiana. The Die fell off of the truck and sustained substantial damage. At an unspecified point after the accident, the Die was

2

transported to the DTS facility in Lenoir City, where it underwent significant repairs. After the repairs, the Die was transported to Martinrea's facility in Springfield, Tennessee, where, according to American, the Die remains. American had insured Martinrea against damage to the Die during its transport from Indiana to Tennessee. American accordingly paid Martinrea for the repairs, which, according to American's Complaint, cost over $1 million.

American, acting as Martinrea's subrogee, filed a single-count Complaint against Crosby Trucking, demanding, *inter alia*, recovery of the value of the repairs under 49 U.S.C. § 14706.[1] In response to the Complaint, Crosby filed (1) an Answer; (2) a Counterclaim against American; and (3) a Third-Party Complaint agains Benteler Automotive Corporation and Benteler Goshen, Inc. (collectively, "Benteler"), which are both Michigan corporations with principal places of business in Michigan, and Echo. (*See* Docket No. 31.) Crosby Trucking alleges that it insured the Die for only $250,000 – rather than $1,000,000 – because Martinrea and/or Echo breached a duty to inform Crosby Trucking of the value of the Die. Essentially, Crosby Trucking contends that, if Martinrea and/or Echo had informed Crosby Trucking that the Die was worth approximately $1 million, Crosby Trucking would have retained sufficient insurance to cover the damages now claimed by American. Crosby Trucking also alleges that Benteler improperly loaded and secured the Die at the point of shipment in Goshen, Indiana, and that Benteler's negligence caused the Die to fall and sustain damages when the accident occurred. Accordingly, Crosby Trucking asserts counterclaims against American (standing in the shoes of Martinrea) for negligence and equitable estoppel, third-party claims against Echo for negligence, negligent

---

[1] American also named Echo as a defendant in the Complaint. Before the responsive pleading deadline, American voluntarily dismissed its claims against Echo.

3

misrepresentation, and breach of fiduciary duty, and a third-party claim against Benteler for negligence. American and Crosby Trucking appear to agree, at least for purposes of the pending motions, that Indiana law will govern Crosby Trucking's third-party claims.

Crosby Trucking has filed two motions that are pending before the court. Based on a representation in American's Answer to Crosby Trucking's Counterclaims, Crosby Trucking seeks leave to file a Third-Party Complaint against Martinrea. Crosby Trucking has also moved to transfer this case to a federal district court in Indiana – either the Northern District of Indiana or the Southern District of Indiana – under the federal change of venue statute, 28 U.S.C. § 1404(a) ("Motion to Transfer Venue").[2] In support of its position, Crosby Trucking has filed the First and Second Affidavits of Butch Munson (Docket No. 30, Ex. 1, and Docket No. 40, Ex. A, respectively).[3] American has not introduced any testimony in support of its opposition to the Motion to Change Venue. However, in its brief, American has made several factual representations that Crosby Trucking did not dispute in its Reply. Crosby Trucking seeks to transfer the case either to (1) the Northern District of Indiana, which has jurisdiction over the geographic area within which the Die was loaded and the accident occurred; or (2) the Southern

---

[2]Although Crosby Trucking's motion is styled as a motion to transfer based on the doctrine of "*forum non conveniens*," that characterization is a bit of a misnomer because the transfer decision here is governed by § 1404(a), not federal common law. With certain exceptions not relevant here, § 1404(a) largely superseded the federal common law doctrine of *forum non conveniens*. *See* Moore, James Wm., *Moore's Fed. Prac.*, § 111.04[11] [3d ed. 2013]. Therefore, the court will refer to the motion as a "Motion to Transfer Venue" under § 1404(a).

[3]Although American argues that the court should ignore the Second Munson Affidavit because it is not notarized, the court exercises its discretion to consider that affidavit, which Munson signed under penalties of perjury. *See Peters v. Lincoln*, 285 F.3d 456, 475 (6th Cir. 2002) (citing 28 U.S.C. § 1746, and observing that "[c]ourts are generally consistent in validating documents that were sworn under penalty of perjury, notwithstanding the fact that they were not notarized.")

4

District of Indiana, where Crosby Trucking maintains a terminal facility.[4]

## ANALYSIS

### I. Motion to File Third-Party Complaint Against Martinrea

Crosby Trucking seeks to join Martinrea as a party, based on its interpretation of a single sentence in American's Answer. (*See* Docket No. 38 ¶ 2 ("Plaintiff denies that American [] is subject to or liable for claims against Martinrea.").) In light of this representation, Crosby Trucking has sought leave to add Martinrea as a party only in an "abundance of caution."

American argues that adding Martinrea would be unnecessary and duplicative, because, as a subrogee, American is subject to the same defenses that Crosby Trucking could have asserted against Martinrea, if Martinrea had filed an essentially identical claim against Crosby Trucking. *See Nipponkoa Ins. Co, Ltd. v. Ozark Motor Lines, Inc.*, No. 3:06CV0447, 2006 WL 2947467, at * 4 (M.D. Tenn. Oct. 12, 2006) (citing *United States v. Aetna Cas & Sur. Co.*, 338 U.S. 366, 380-81, 70 S. Ct. 207, 94 L. Ed. 171 (1949)). Accordingly, American has represented that, if Crosby Trucking's allegations are proven true, it (American) would be liable for Martinrea's actions in the form of a setoff against its (American's) claim against Crosby

---

[4]In its Answer to Crosby Trucking's Third-Party Complaint, Benteler has conceded that this court has personal jurisdiction over both Benteler entities and that venue is proper. Echo, on the other hand, has represented that it will (a) challenge venue on the grounds that Crosby Trucking is contractually obligated to bring any disputes with Echo in Illinois under a forum selection clause, and (b) assert that the court does not have personal jurisdiction based on a lack of minimum contacts. Echo has not yet filed a challenge on either basis. Although Benteler and Echo have had nearly two months to address Crosby Trucking's motion (either in support of the motion or in opposition to it), they have not sought leave of court to do so. Crosby Trucking has not explained how Benteler's and/or Echo's stated positions with respect to jurisdiction and venue would impact the court's analysis, nor have Benteler or Echo sought to address the issue. Under the circumstances, the court finds no need to order briefing from Benteler and/or Echo regarding the Motion to Transfer Venue.

Trucking, to the extent permitted by applicable law and the Carmack Amendment. (*See* Docket No. 53 at pp. 1-2.)

Based on American's representations to the court, which permit Crosby Trucking to pursue a setoff against American's claim premised on Martinrea's allegedly negligent conduct, the court finds that adding Martinrea as a party is unnecessary at this stage. Therefore, Crosby Trucking's Motion for Leave to File a Third-Party Complaint Martinrea will be denied.

## II.     Motion to Change Venue

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." District courts have wide discretion in deciding motions to transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 104 L. Ed. 2d 22 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)). In deciding whether to grant transfer under § 1404(a), the Sixth Circuit has suggested that the court may consider: (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The burden is on the defendant to establish that a transfer is warranted. *Blane v. Am. Investors Corp.*, 934 F. Supp. 903, 907 (M.D. Tenn. 1996) (citing *Factors, Etc. v. Pro Acts, Inc.*, 579 F.2d 215 (2d Cir. 1978)); *Smith v. Kyphon, Inc.*, 578 F. Supp.

2d 954, 958 (M.D. Tenn. 2008) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)).

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. *Smith*, 578 F. Supp. 2d at 963. Transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Diebold, Inc. v. Firstcard Fin. Servs., Inc.*, 104 F. Sup. 2d 758, 764 (N.D. Ohio 2000). Although a plaintiff's choice of forum is generally entitled to substantial weight, when a given action has a limited connection with the forum and is not the plaintiff's residence, the plaintiff's choice is to be afforded less weight than would otherwise be the case. *Lisenbee v. FedEx Corp.*, 579 F. Supp. 2d 993, 1007 (M.D. Tenn. 2008). The plaintiff's interest decreases even further where the central facts of the lawsuit occurred outside the chosen forum. *Id.*

As American points out, this case does have some connection to Tennessee. Martinrea operates in Tennessee, Martinrea contacted Echo from Tennessee, the Die was repaired in Lenoir City, Tennessee (which is in the Eastern District), and (after its repairs) the Die was transported to and remains in Springfield, Tennessee (within this district). The court presumes that Martinrea (now a party) will likely present at least one witness on its behalf voluntarily and that DTS may be called to present a witness as well. However, even assuming that these witnesses are based in Tennessee, there are a host of factors suggesting that litigating this case in Indiana is warranted.[5]

---

[5]American's brief did not indicate whether a Martinrea or DTS witness would be located in Tennessee. In a footnote, American asked that, if the court believed that the location of those witnesses is relevant to the Motion to Transfer Venue, then the court should permit American to conduct discovery. Because the court would exercise its discretion to transfer the case regardless of whether a Martinrea and/or DTS witness will be located in Tennessee, discovery regarding the

7

Crosby Trucking has essentially two theories under which it believes other parties are responsible for the damages to the Die. First, as against American and Echo, Crosby Trucking alleges that Martinrea and Echo breached a duty to inform Crosby Trucking of the value of the Die, causing Crosby Trucking to retain insufficient insurance. Second, as against Benteler, Crosby Trucking argues that the damage to the Die was caused by Benteler's negligence in loading the Die at the Goshen, Indiana point of origin. With respect to American's Carmack Amendment claim, Crosby Trucking's defense presumably will require Crosby Trucking to show, *inter alia*, that it was not negligent and that some factor beyond its control caused the Die to fall and sustain damage. *See Custom Rubber Corp. v. ATS Specialized, Inc.*, 633 F. Supp. 2d 495, 509-510 (N.D. Ohio 2009) (defendant carrier disclaimed liability on grounds that cargo was improperly loaded by shipper, *i.e.*, that "the shipper himself" solely caused the damage for purposes of defense under Carmack Amendment) (citing *Plough, Inc. v. Mason & Dixon Lines*, 630 F.2d 468, 470 (6th Cir. 1980)). That defense presumably will implicate (a) facts related to the loading of the Die and (b) the circumstances of the accident itself – *i.e.*, whether some party other than Crosby Trucking caused the accident and/or is responsible for the resulting damages, through no fault of Crosby Trucking. Live testimony from witnesses to the loading of the Die and to the accident, both of which occurred in Indiana, will likely be crucial to resolving the apportionment of liability and damages as among the multiple parties to this case.

Thus, although some potential witnesses in this case are located in this district and/or in other states – such as the former Crosby Trucking driver of the truck that overturned, who is believed to reside in Ohio – the locus of events most likely to involve disputed facts, and,

---

transfer issue is unnecessary.

8

therefore, disputed testimony, is in Indiana.  The court is not persuaded that the physical location of the Die strongly favors remaining in this district.  By American's own admission, the Die is not going anywhere and, as a consequence, should be available for inspection by the parties at an appropriate time.  Thus, with respect to the Die, American has not shown that a transfer would be unduly prejudicial, insofar as inspecting the Die will be relevant.  On the other hand, if Crosby Trucking cannot compel witnesses to testify regarding the loading and/or the accident, it would be highly prejudicial to Crosby Trucking's attempts to apportion responsibility among other allegedly responsible parties.

Furthermore, Crosby Trucking's third-party claims (and some of the associated defenses) will involve the application of Indiana law, with which the transferor court in Indiana will be familiar.  As to American's underlying Carmack Amendment claim, both this court and a federal court in Indiana are equally able to apply federal law.

Finally, in point of fact, the plaintiff in this case, American, is not a Tennessee resident.  Therefore, American's choice of forum is entitled to less weight.[6]

The other factors are essentially neutral as between this court and a federal district court in Indiana.  The parties and several non-party witnesses are located in states other than Tennessee and Indiana.  Relevant documents are likely located in multiple states, at least including Indiana, Tennessee, and Virginia.

Taking the relevant factors into consideration, the court finds that the balance of factors

---

[6]Although it would not affect the court's disposition of the motion, the court notes that American has not provided any authority establishing that, for purposes of §1404(a) deference to a plaintiff's choice of forum, the court should graft the non-party subrogor's residence onto the subrogee.

9

weighs in favor of transfer and that, in the interests of justice, transfer to a federal district court in Indiana is warranted. Therefore, the court will exercise its discretion to transfer this case to a federal district court in Indiana. Because the loading of the Die and the accident both took place within the Northern District of Indiana, the court will transfer the case to that district.

## CONCLUSIONS

For the reasons stated herein, Crosby Trucking's Motion to File a Third-Party Complaint Against Martinrea will be denied, Crosby Trucking's Motion to Transfer Venue will be granted, and American's Motion for Oral Argument will be denied. In the exercise of its discretion, the court will transfer the case to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a).

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge